960 So.2d 1 (2004)
LAW OFFICES OF RODRIGUEZ & SIBLEY, L.L.P., Petitioner,
v.
Barbara SIBLEY, Respondent.
No. 3D04-2981.
District Court of Appeal of Florida, Third District.
November 24, 2004.
*2 Montgomery Blair Sibley, for petitioner.
Jay M. Levy, Miami, for respondent.
Before COPE, GERSTEN and GREEN, JJ.

Order
PER CURIAM.
On consideration of the petitioner's motion for rehearing, the court grants leave to petitioner to refile its petition for writ of mandamus, along with the filing fee, within twenty days of the date hereof.
On November 3, 2004, this court issued its opinion in Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004). Part V of that opinion prohibited Montgomery Blair Sibley from further self-representation in this court. Id. at 985-988. The opinion stated, in part: "We direct the clerk of this court to reject any further filings in this court on the former husband's behalf unless signed by a member of the Florida Bar (other than the former husband)." Id. at 988.
On November 5, 2004, this court received a petition for writ of mandamus filed by Mr. Sibley, entitled Law Offices of Rodriguez and Sibley, L.L.P. v. Barbara Sibley. Pursuant to our ruling in Sibley v. Sibley, at 988, on November 8, 2004, the Clerk of this Court returned the petition for writ of mandamus to Mr. Sibley.
Mr. Sibley filed a motion for rehearing, arguing that the earlier opinion in Sibley v. Sibley was not yet final at the time he filed the petition for writ of mandamus. Because that is so, and because the November 3, 2004 opinion did not spell out that the prohibition on further filings was to be effective immediately, we have determined that the filing of the petition for writ of mandamus will be permitted. We therefore grant twenty days from the date of this opinion for Mr. Sibley to refile the petition for writ of mandamus which was returned to him on November 8, 2004, along with the appropriate filing fee. The petition for writ of mandamus will be subject to the "other pending cases" condition of Sibley v. Sibley, 885 So.2d at 985 ("Any other cases that are pending in this court in which the former husband is representing himself will be dismissed unless a notice of appearance signed by a member in good standing of the Florida Bar (other than the former husband) is filed in each case within thirty days of this opinion becoming final.").
Mr. Sibley argues in addition that the petition for writ of mandamus does not fall within this court's prohibition on his self-representation in this court, because the petitioner is his law partnership, rather than Mr. Sibley individually. We reject that argument, as Mr. Sibley's representation in this circumstance is simply self-representation in another form. We clarify that the Sibley v. Sibley prohibition on self-representation includes a prohibition on Mr. Sibley's representation of his law partnership. See Sibley v. Sibley, at 988 Appendix paragraph A3 (citing earlier law firm petition).
In summary, the petition for writ of mandamus may be refiled within twenty days subject to the conditions set forth *3 herein. In view of this ruling, the motion for rehearing en banc is moot.